(91 South. 755)

No. 25000.

## STATE v. REYON.

(Jan. 30, 1922. Rehearing Denied by the Whole Court May 15, 1922.)

*(Syllabus by Editorial Staff.)*

**1. Criminal law ⬅586—Continuance largely in trial judge's discretion.**

Continuances are left very largely to the discretion of the trial judge.

**2. Criminal law ⬅1166(9)—Denial of continuance because of absence of witness held harmless.**

The denial of a continuance because of the absence of a witness who, as claimed by defendant, would testify that he obtained defendant's confession by the use of corporal punishment, threats, and promises, did not injure defendant, where he testified that no mental or moral influence was used, and that he was severely whipped to force him to confess, while other testimony showed that the interview between accused and the absent witness took place through the bars of a cage, making physical violence impossible.

O'Niell and Dawkins, JJ., dissenting.

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Jerry Cline, Judge.

Jesse Reyon was convicted of murder, and he appeals. Affirmed

H. E. Williams, of Lake Charles, and Vanc Plauche, of New Orleans, for appellant.

A. V. Coco, Atty. Gen., and Griffin T. Hawkins, Jr., Dist. Atty., and Mark C. Pickrel, Asst. Dist. Atty., both of Lake Charles (T. S. Walmsley, of New Orleans, of counsel). for the State.

By the WHOLE COURT.

BAKER, J. From a conviction of murder and a sentence condemning him to be hanged, the accused has appealed.

He applied for a continuance on the following grounds:

"(1) That because of the absence of a material and important witness, D. O. Dunn, who was regularly summoned by said defendant, he cannot at this time go to trial for his life.

"(2) That due diligence has been used on the part of the attorneys for the uerendant in trying to secure the presence of said witness.

"(3) He shows that, if said witness were present, he expects to prove by him that undue influence, promises, and hopes of reward and treatment designed by effect on body and mind to compel confession of crime was used on him by said witness, as follows, to wit:
"That said witness spent more than two hours with the defendant herein, used corporal punishment and threats and promises, all contrary to the laws and Constitution of the state of Louisiana.

"(4) Further, he expects to show from said evidence of said witness that any other confession obtained from him to any other person or officer of the court was the result of said influence and treatment by the said witness D. O. Dunn, and such confession under the laws and Constitution would therefore be inadmissible.

"(5) That, if any other confession should be offered by the state on the trial hereof, he is entitled to cross-examine said witness for the purpose of first showing undue influence, promises, and rewards by the said witness D. O. Dunn.

"(6) That he is on trial for his life and is entitled to have this witness present and to hear his testimony; that he is informed said witness is in Orange, Tex., and can easily be brought here to attend this trial within a few days; that said witness is temporarily from the state of Louisiana and a resident thereof; that he can prove these facts by no other witness."

This application for a continuance was overruled for reasons assigned by the judge as follows:

"The witness was absent in Texas. The sheriff's return showed that he was in San Antonio. The motion alleges that the defendant is informed that he is at Orange, and can therefore be present at some reasonable time in the future. Subpœna was not issued timely. It therefore appears that due diligence was not used; that the witness is beyond the jurisdiction of the court, and the information under which it is alleged that his attendance can be secured in the future is erroneous.

"The testimony sought from the witness is that he administered corporal punishment to the defendant, and thus forced a confession. Aside from the improbability that any witness would thus incriminate himself, the evidence is rebuttal, and not evidence in chief. It cannot be admissible unless a confession be offered; and, if offered, it must necessarily appear that it was made in the presence of witnesses not absent. The evidence is therefore cumulative.

"It may now be stated after the trial that the testimony of the defendant on the trial contradicted the allegations of his motion, in that he testified that the punishment was not administered by the absent witness alone, but in the presence of the sheriff and jailer. This testimony was so palpably false as to be ridiculous."

[1, 2] Continuances are left very largely to the discretion of the trial judge, as he is in a position to know of many circumstances not appearing in the record which have an important bearing upon the question of whether in the interest of justice to the accused, on the one hand, or in the interest of a proper administration of the law, on the other, a continuance should or should not be granted—of which circumstances this court is not in a position to have information. In the present case, inasmuch as the application did not appear to be made merely for delay, and it was the first fixing of the case for trial, and there was no danger of the same evidence on the part of the prosecution not being procurable at a future day, and the case was one of capital punishment, and the accused a mere youth, we should have hesitated very much in agreeing with our brother below, if it had not been that the testimony of the accused on the trial made it appear that by the absence of the witness in question he suffered no injury.

The record shows that the accused testified on the trial that the reason why he made the first confession was that he was being whipped so severely that he was forced to confess. He said not a word about any promises having been made or any other mental or moral influence used. Now, the other testimony in the case shows that the interview between the absent witness and the accused was through the bars of the cage within which accused was confined, so that any physical violence to accused' was simply impossible.

The confessions subsequently made by the accused are shown conclusively to have been free and voluntary. They could have been inadmissible only if the first confession had been improperly obtained; and nothing shows that it was. The only improper influence that could possibly have been used by the absent witness for obtaining it would have been mental or moral; and accused as a witness in his own behalf did not pretend that this was done, but with manifest untruthfulness pretended that corporal violence had at that time been the means of inducing him to confess.

All other considerations mentioned in the brief filed on behalf of accused address themselves to the board of pardons, not to this court.

Judgment affirmed.

O'NIELL and DAWKINS, JJ., dissent.

Rehearing refused by the WHOLE COURT.